IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAHA ABDOU MIKHAEL | ) CASE NO.:  1:25-CV-00851 |
| Plaintiff, | ) |
| | ) JUDGE: DAVID A. RUIZ |
| vs. | ) |
| | ) MAGISTRATE JUDGE: JAMES E. GRIMES, |
| | ) JR. |
| CLEVELAND PUBLIC MARKET | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CLEVELAND'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Now comes Defendant City of Cleveland (the "City"), and respectfully requests that this Honorable Court deny the Motion for a Temporary Restraining Order filed by Plaintiff Maha Abdou Mikhael ("Mikhael"). *(Doc. 2).*

                          Respectfully submitted,

                          MARK GRIFFIN (006141)
                          Director of Law

By:    */s Gilbert E. Blomgren*
        WILLIAM M. MENZALORA (0061136)
        Chief Assistant Director of Law
        MICHAEL J. PIKE (0074063)
        GILBERT E. BLOMGREN (0065240)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Fax: (216) 664-2663
        Email: WMenzalora@clevelandohio.gov
                MPike@clevelandohio.gov
                GBlomgren@clevelandohio.gov

*Attorneys for Defendant City of Cleveland*

## STATEMENT OF THE CASE

On April 29, 2025, Mikhael filed a complaint alleging various claims against Defendants Cleveland Public Market Corporation, the City, Rosemary Mudry, and John Does 1-10. (collectively the "Defendants"). Mikhael alleges that she has rented space pursuant to a Rental Agreement that expired on August 31, 2023 within the West Side Market, a public market located in Cleveland and owned by the City. *(Doc.#1, PageID #3-5)*. The purpose of Mikhael's tenancy at the West Side Market was to operate a business called King Produce in order to sell produce. *(Doc.#1, PageID #4)*. She further alleges that the aforementioned tenancy continued on a month-to-month basis following the expiration of the Rental Agreement. *(Doc.#1, PageID #5)*. Mikhael states that "[i]n April of 2024, the City ceded its management and operation of the Market to a non-profit,

the Cleveland Public Market Corporation..." *(Doc.#1, PageID #7)*. Mikhael received "a Notice of Termination of their September 8, 2022 West Side Market Rental Agreement" on March 13, 2025. *(Doc.#1, PageID #8)*. This Notice of Termination stated that Mikhael's "…final month of tenancy at the Building shall be April 2025." *(Doc.#1, PageID #9)*. Mikhael alleges claims in the Complaint against the Defendants purportedly pursuant to 42 U.S.C. § 1983 under the First and Fourteenth Amendments of the United States Constitution, together with claims for defamation against Mudry. *(Doc.#1, PageID #10-16)*. Mikhael further alleges that she is entitled to injunctive relief, essentially arguing that she will suffer irreparable harm unless the month to month tenancy is prevented from being terminated by way of an injunction from the Court. *(Doc.#1, PageID #16-18)*. Mikhael filed a Motion for Temporary Restraining Order contemporaneously with the filing of the Complaint, in which she argues that a Temporary Restraining Order is necessary to prevent her from being required to surrender her West Side Market tenancy "…on or before April 30, 2025." *(Doc.#2, PageID #1)*. This Court held a telephonic hearing on Mikhael's Motion for Temporary Restraining Order on the afternoon of April 30, 2025 in which counsel for Mikhael together with counsel for Defendants Cleveland Public Market Corporation, Rosemary Mudry and the City participated. Mikhael's counsel argued that the Temporary Restraining Order was required to be entered prior to 5 p.m. on April 30, 2025 in order to prevent the eviction of Mikhael. Counsel for Cleveland Public Market Corporation and Mudry indicated that she was confused by this allegation because Mikhael had removed all personal and business effects that had been located in the West Side Market tenant space at issue and turned in keys to the space before the telephonic hearing had

3

commenced. There was no need to evict her because Mikhael had voluntarily vacated. The Court indicated that it considered the undisputed fact that a written notice had been issued on March 13, 2025 of the impending termination of the month to month tenancy and that there was no automatic right to a renewal of the tenancy when it declined to grant the Temporary Restraining Order on April 30, 2025. On May 1, 2025, the Court issued an order indicating that it had taken "the matter under advisement and will issue a written decision in due course." (*Doc.#12*). The City opposes Mikhael's Motion for Temporary Restraining Order because she has failed to make the requisite showing under applicable law that would entitled her to a Temporary Restraining Order. The City opposes Mikhael's Motion for Restraining Order upon the additional ground that it is moot. For the foregoing reasons, Mikhael's Motion for Restraining Order should be denied.

**ARGUMENT**

**I.  Legal Standard**

Federal courts have long held that "[a]s long as there is notice to the other side and an opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order." *News Herald, a Div. of Gannett Satellite Information Network, Inc. v. Ruyle*, 949 F.Supp. 519, 521 (N.D.Ohio 1996) citing *Martin–Marietta Corp. v. Bendix Corp.,* 690 F.2d 558, 564 (6th Cir.1982). Temporary restraining orders and preliminary injunctions are extraordinary remedies that are granted only to "prevent irreparable injury." *Sternberg v. Checker Oil Co*., 573 F.2d 921, 925 (6th Cir. 1978). Federal Courts "…must consider four factors when ruling on a motion for a temporary restraining order and preliminary injunction, namely whether: 1)

4

the plaintiffs have a strong likelihood of success on the merits; 2) the plaintiffs would suffer irreparable injury without the injunction; 3) issuance of the injunction would cause substantial harm to others; and 4) the public interest would be served by issuance of the injunction. *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). Furthermore, "[t]he temporary restraining order (TRO) and preliminary injunction factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Doe v. Burlew*, 740 F.Supp.3d 576 (W.D.Ky. 2024).

Significantly, the Sixth Circuit has held that "…a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 109 Fed.Appx. 37, 41 (6th Cir. 2004) Also, "…though no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000). Additionally, the Supreme Court of the United States has held in the context of injunctive relief that "…the Court need only consider those claims that address possible future wrongs. See *United States v. W.T. Grant Co.,* 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations."). This is because to justify an injunction, there must be "…some cognizable danger of recurrent violation[.]" *Id.* at 633. Insofar as Plaintiff raises claims for prior wrongs, those claims are irrelevant to the question at hand." *Gale v. O'Donohue*, 2018 WL 618739, (E.D.Mich. Jan. 30, 2018). Both because Mikhael had already vacated the tenant space at the West Side Market prior to the telephonic hearing on her Motion for Preliminary and because her month to month

5

tenancy had been terminated with proper notice, there is no legally cognizable reason that might entitle her to injunctive relief. There was no demonstrated risk of any recurrent "violation" even assuming *arguendo* that the termination of the tenancy prior to the hearing on was somehow unlawful, which it was not. Mikhael's Motion for Preliminary Injunction should be denied for the aforementioned reasons.

**II.     Mikhael has not demonstrated irreparable harm.**

For irreparable harm, "…an injury must be both certain and immediate, not speculative or theoretical." *Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020). This "…factor is indispensable." *D.T. v. Sumner Cnty. Schools,* 942 F.3d 324, 327 (6th Cir. 2019). Furthermore, "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id. at 327.*

Mikhael alleges that she will suffer irreparable harm "…should the termination of Plaintiff's Rental Agreement be enforced, Plaintiff will be barred from conducting her business in its sole and singular place of business…" *(Doc.#2, PageID #2).* Since the referenced termination of the Rental Agreement had already occurred (and Mikhael had voluntarily surrendered the West Side Market tenant space) prior to the hearing on the Motion for Temporary Restraining Order, there is no alleged "harm" to prevent. There is nothing to restrain. Mikhael's Motion for Temporary Restraining Order should be denied on these bases alone.

**III.    Mikhael's Motion for Temporary Restraining Order is Moot.**

It has been held in Ohio that "[a] case is only "moot" if, assuming that the plaintiff receives the relief which he or she requests, such relief would no longer afford any meaningful legal benefit. *McGee v. E. Ohio Gas Co.*, 111 F.Supp.2d 979 (S.D.Ohio

6

2000). This is precisely the situation with Mikhael's Motion for a Temporary Restraining Order. Mikhael's Motion should be denied on the additional ground of mootness because it seeks to preserve a legal relation, a tenancy, which had already ceased to exist prior to the hearing on the Motion.

## CONCLUSION

For all of the above reasons, this Honorable Court should deny Mikhael's Motion for Temporary Restraining Order together with such further relief as this Honorable Court may deem just and equitable.

        Respectfully submitted,

        MARK GRIFFIN (006141)
        Director of Law

By:   */s Gilbert E. Blomgren*
        WILLIAM M. MENZALORA (0061136)
        Chief Assistant Director of Law
        MICHAEL J. PIKE (0074063)
        GILBERT E. BLOMGREN (0065240)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Fax: (216) 664-2663
        Email: WMenzalora@clevelandohio.gov
               MPike@clevelandohio.gov
               GBlomgren@clevelandohio.gov

        *Attorneys for Defendant City of Cleveland*

## LOCAL RULE CERTIFICATION

This case is not currently assigned to any track. The Memorandum conforms to the page limitations in compliance with Local Rule 7.1(f).

        */s Gilbert E. Blomgren*
        Gilbert E. Blomgren (0065240)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 13th day of May, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s Gilbert E. Blomgren*
        Gilbert E. Blomgren (0065240)